# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

No. 14-410V
Filed: April 8, 2015
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JOHN CIPRUS, | \* | |
| | \* | |
| Petitioner, | \* | Stipulation; Attorneys' Fees & Costs |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Edward M. Kraus, Esq.,* Law Offices of Chicago Kent, Chicago, IL for petitioner.
*Lisa Watts, Esq.,* U.S. Department of Justice, Washington, DC for respondent.

### DECISION ON ATTORNEY FEES AND COSTS[1]

**Gowen**, Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] I issued a Decision on April 8, 2015, adopting the parties' stipulation for award. Additionally, on April 8, 2015, the parties filed a Stipulation of Fact concerning attorneys' fees and costs. Pursuant to General Order #9, the parties represented that petitioner has not personally incurred any litigation costs in this matter.

The parties' stipulation indicates that respondent does not object to the amended amount of $14,257.50 that petitioner is requesting for attorneys' fees and $2,626.34 in attorneys' cost, for a total amount of $16,883.84.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006).

reasonable and appropriate.  **Accordingly, I hereby award:**

- **a lump sum of $16,883.84 in the form of a check payable jointly to petitioner and petitioner's attorney, Edward Kraus, Esq., for petitioner's attorneys' fees and costs.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).